# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF WYOMING

| | | |
|---|---|---|
| KARLA RIDGEWAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 18-CV-40-S |
| | ) | |
| v. | ) | |
| | ) | |
| MAHESH KARANDIKAR, M.D. and | ) | |
| CASPER MEDICAL CENTER, d/b/a | ) | |
| MOUNTAIN VIEW REGIONAL | ) | |
| HOSPITAL AND CLINIC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ON JOINT DEFENSE MOTION TO STRIKE EXPERT DESIGNATIONS AND REPORTS AND PRECLUDE TESTIMONY

THIS MATTER having come before the Court on Motion by Defendant Mahesh Karandikar, M.D. , by and through his counsel, Lathrop & Rutledge, P.C. and Casper Medical Center, d/b/a Mountain View Regional Hospital and Clinic ("MVRH") by and through its counsel, Crowley Fleck, P.L.L.P., and counsel having demonstrated sufficient and proper reasons to strike certain portions Plaintiff's expert witness designations and reports and preclude certain testimony, this Court hereby FINDS as follows:

## FINDINGS OF FACT

1.      This is a medical negligence case with which this Court and the parties are well familiar, and therefore will not reiterate the facts and background herein.

### Impermissible Legal Opinions

2.      On May 15, 2019, Plaintiff filed her expert witness designations as required by Fed.R.Civ.P. 26(a)(2)(B) and this Court's order dated April 22, 2019. (Doc. 39).  Included in her

designations are the identification and report of G. Jeffry Poffenbarger, M.D., a neurosurgeon who identifies himself as having "advanced experience and training in minimally invasive spine surgery, radiosurgery, and neurotrama." (Doc. 44-5.) Dr. Poffenbarger is Board Certified and has worked as a neurosurgeon in Cody, Wyoming since 2014. Prior to that, beginning with a neurosurgical residency at Walter Reed Army Medical Center in 1995, Dr. Poffenbarger has worked as a neurosurgeon in various facilities across the country and for the United States military, to include in Baghdad, Iraq during combat. (*Id.*). He is licensed to practice medicine in Virginia (inactive), Texas, and Wyoming.

3.      In Plaintiff's designation of Dr. Poffenbarger, she indicates he "was retained to determine whether the standard of care was met in the care and treatment of Karla Ridgeway as it relates to Dr. Karandikar and Mountain View Hospital [sic]." However, the designation, as well as Dr. Poffenbarger's report, are riddled with impermissible legal opinions, on which Dr. Poffenbarger is not qualified to opine, and should be stricken, and Plaintiff should be precluded from presenting any testimony by Dr. Poffenbarger, or any of her other designated witnesses, as to these legal conclusions. (Doc 44 at 4-10; Doc. 44-7 at 4-18.)

4.      There is no indication in any of the information provided by Plaintiff or Dr. Poffenbarger that he has had any legal training or education or otherwise has any specialized legal knowledge, skill or experience in order to expertly opine as to the legal negligence of either of the Defendants or whether Dr. Karandikar engaged in willful and wanton conduct. Rather, it appears from Dr. Poffenbarger's own statement in his report that the extent of his legal knowledge was derived from his review the "Wyoming jury instruction relating to willful and wanton misconduct"—which presumably refers to the Wyoming civil pattern jury instructions— along with some unspecified definition of negligence, and he gives his "opinions with that standard, as well as the standard of care for ordinary negligence, in mind." (Doc. 44-7 at 3.)

This goes well beyond Plaintiff's stated purpose for Dr. Poffenbarger's testimony regarding the standard of her medical care and treatment.

5.      It is Plaintiff's burden to show that this testimony is admissible. *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013).  In order to do so, Plaintiff must first demonstrate that the witness has the requisite "knowledge, skill, experience, training, or education" as described in F.R.E. 702, which she has clearly failed to do.  Moreover, the proposed expert testimony must be "both reliable and relevant, in that it will assist the trier of fact[.]"  *Conroy*, 707 F.3d at 1168. This Court finds that Plaintiff has not made the required showing.

## **Impermissible Opinions Regarding Credentialing and Privileging**

*6.*      Dr. Poffenbarger further opines as to matters of Dr. Karandikar's privileges and credentials to practice medicine at MVRH and the hospital's negligence in granting such.  (Doc. 44-7 at 7-8, 17.)  Again, this Court finds that Plaintiff has not demonstrated that Dr. Poffenbarger has the requisite expertise in the area of hospital privileging and credentialing in order to opine as to such matters.  Moreover, such evidence is not appropriate for admission where a finding of negligence has not been made.

## **Wyoming Board of Medicine Consent Decrees**

7.      Included in the materials Plaintiff provided to her proposed expert witnesses for their review were copies of consent decrees Dr. Karandikar entered into with the Wyoming Board of Medicine in 2015 and 2018.  These consent decrees relate to disciplinary proceedings that in no way involved the care or treatment of Plaintiff or to the issues presently before this Court. Because they are irrelevant to the present proceedings and are inadmissible at trial, they should not have been considered by Plaintiff's designated experts in formulating their expert opinions and should be stricken.

**Informed Consent**

8.      In the expert witness designations it appears as though Plaintiff intends to attempt to establish that she did not provide informed consent to undergo the procedure to remove the cyst in her brain on the basis that Dr. Karandikar did not advise her as to his experience in removing colloid cysts or in the use of the neuroscope instrument.  This claim was not presented to the Wyoming Medical Review Panel as required by Wyo. Stat. Ann. § 9-2-1519 and has not been pled to this Court in either her original complaint or her amended complaint.

**CONCLUSIONS OF LAW**

**Impermissible Legal Opinions**

1.      One does not simply become an expert after having studied a single sentence defining a specific and complex legal principle, and as such is unqualified to opine on the matter.  Courts have routinely recognized that it is not proper for a proposed expert to "have developed their opinions expressly for purposes of testifying."  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995).  Because Dr. Poffenbarger does not have the requisite legal expertise, he is neither qualified nor has the foundation, to render such an opinion, and the testimony is irrelevant as it does not assist the jury in its duties; rather it impermissibly directs the jury as to conclusions of law and unacceptably invades the province of the jury.

2.      While it is recognized that a *qualified* expert may testify as to the facts upon which his or her opinion are based, it is well-established that the witness may not provide legal conclusions.  "Testimony that articulates the ultimate principles of law governing the deliberations of the jury" essentially directs the jury to a verdict "rather than assisting the jury's understanding and weighing of the evidence."  *Sprecht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988).  Further, such an opinion is inadmissible pursuant to the balancing test set forth in F.R.E. 403 because it has no

probative value that can substantially outweigh the unquestionable and undue prejudice to Defendants.  As such, Plaintiff is not allowed to present any witness testimony, expert or lay, referencing jury instructions, legal authority, or legal principles or conclusions, and any opinion derived therefrom should be stricken from the designations and reports.  Moreover, testimony as to an expert's opinion on another witness's credibility also usurps the responsibilities of the jury and shall not be admitted.

3.     In addition, Dr. Poffenbarger makes reference to MVRH's Code of Conduct and states that it should have been followed by Dr. Karandikar and staff of MVRH.  Dr. Poffenbarger is attempting to change the standard of care.  This is impermissible and any references to shall  be stricken for the record and testimony to that effect is not be permitted.

### Impermissible Opinions Regarding Credentialing and Privileging

4.     Because Dr. Poffenbarger's opinions relating to Dr. Karandikar's credentials and privileges to practice at MVRH are outside the scope of his expertise, they are neither reliable nor relevant as they do not assist the trier of fact in the execution of its duties.  *Conroy*, 707 F.3d at 1168.    In addition, estimony to this effect is highly prejudicial to a defendant where negligence has not been established and has no legitimate probative value.  F.R.E. 403.

5.     Because of this grave imbalance between prejudice and probative value, Plaintiff is not permitted to present such evidence to the jury so as to ensure the information is not considered by the jury for an improper purpose.  *See Willis v. Bender*, 596 F.3d 1244, 1260 (10th Cir. 2010).

### Wyoming Board of Medicine Consent Decrees

9.     Often, the facts upon which an expert relies in order to formulate an opinion are admissible, if not for substantive purposes, then to allow the jury to evaluate the voracity of the expert's testimony.  F.R.E. 703. This includes instances where the evidence is not otherwise admissible.  *Id.*  However, an expert witness may not in all circumstances testify as to otherwise

inadmissible evidence simply because he or she relied on it to form an expert opinion.  The

Advisory Committee Notes to the 2000 amendments to Rule 703 emphasize:

> [W]hen an expert reasonably relies on inadmissible information to form an
> opinion or inference, the underlying information is not admissible simply because
> the opinion or inference is admitted.
>
> * * *
>
> The information may be disclosed to the jury, upon objection, only if the trial
> court finds that the probative value of the information in assisting the jury to
> evaluate the expert's opinion substantially outweighs its prejudicial effect.

10.     Disciplinary matters adjudicated by a licensing board or other litigation for malpractice is

unduly prejudicial and any probative value to the jury in evaluating the opinion of the expert

does not substantially outweigh the risk of prejudice to a defendant.  The Tenth Circuit Court of

Appeals, in addressing issues related to informed consent, expressly acknowledged the undue

prejudicial effect of such evidence in noting "a real concern the jury will use evidence . . . such

as a physician's lack of experience and litigation history, to improperly infer negligent

treatment," and will use " 'prior bad act' evidence normally excluded under Rule 404(b) of the

Federal Rules of Evidence" to establish negligence. *Willis*, 596 F.3d at 1260.

11.     This Court is well-versed in the language and principles of F.R.E. 404(b), which excludes

evidence of prior acts that tend to imply that a defendant's actions in the case at bar were in

conformity with his or her actions on previous occasions.  The Rule reads, '[e]vidence of a

crime, wrong, or other act is not admissible to prove a person's character in order to show that on

a particular occasion the person acted in accordance with the character."  F.R.E. 404(b)(1).

Rather, such prior acts may only be permitted for a legitimate purpose such as to establish

"motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack

of accident."  F.R.E. 404(b)(2).

12.     Plaintiff has not shown how the use of the 2015 or 2018 consent decrees does not run afoul of F.R.E. 404(b).  Rather, she is attempting to circumvent the purpose of the rule by providing such prejudicial, inadmissible information to her expert witnesses in order to elicit testimony and attempt to establish that Dr. Karandikar somehow acted in Plaintiff's case in conformity with actions that were subject to disciplinary sanctions by the Wyoming Board of Medicine.  This is a patently abusive use of expert witnesses, and this Court will not permit such behavior.  Accordingly, any references in the designations and expert reports that refer to the consent decrees are hereby stricken, and this Court instructs Plaintiff that her experts shall not rely in any way on that information in forming their opinions.  Plaintiff is also precluded from making any references at trial to prior litigation or disciplinary measures taken by the Wyoming Board.

## Informed Consent

13.     Although there is no Wyoming state court precedent or law that addresses informed consent in this context, the Tenth Circuit Court of Appeals has reviewed similar cases in light of the general rule in Wyoming that a "physician is required to disclose only such risks that a reasonable practitioner of like training would have disclosed in the same or similar circumstances." *Roybal v. Bell*, 778 P.2d 108, 112 (Wyo. 1989).  The Tenth Circuit found that based on Wyoming's application, "a claim under Wyoming's informed consent law requires either (1) a misrepresentation concerning the risks of a proposed treatment or procedure or (2) a failure to voluntarily disclose the risks of a proposed treatment or procedure." *Willis*, 596 F.3d at 1255.  Further, a physician's obligations to disclose information that are "physician-specific in nature" such as "experience, litigation history, licensure problems and having consulted with" other physicians likely are not required to be voluntarily disclosed to patients. *Id*.  The court found that because Wyoming's standard is based on what "a reasonable physician with like

training would have disclosed in the same or similar circumstances" is different than the reasonable patient standard utilized in other states, which is "whether a reasonable person in the patient's position would consider the information material to his decision as to whether to agree to allow the physician to perform the surgery upon him." *Id*. at 1256. The court noted that by doing so, "[i]n theory, the physician's own health, financial situation, even medical school grades, could be considered material facts a patient would want to consider in consenting to treatment by that physician." *Id*. (internal citations and quotation marks omitted.)

14.     That said, in the event that a patient specifically requests information that is physician-specific in nature—experience performing a particular procedure, board certification, etc.—then the physician must answer truthfully. *Id*. at 1259-60. However, Plaintiff has not alleged that she inquired as to Dr. Karandikar's experience in colloid cyst removal or his familiarity with the equipment he used to do so, nor have any of her experts indicated they were informed of such inquiries or that Dr. Karandikar in any way affirmatively misrepresented his experience, or that they utilized such information in formulating their expert opinions. As such, because it has not been pled and because no credible evidence exists that Dr. Karandikar misrepresented anything to Plaintiff, her experts shall not be allowed to testify in this regard. Moreover, any references to a lack of informed consent are hereby stricken from Plaintiff's designations and expert reports.

DATED this ____ day of June 2019.

_____
Magistrate Judge/District Court Judge
District of Wyoming