Diana Rhodes, WY #5-2734
Traci Rivinus, WY #6-3920
Rhodes Law Firm, LLC
2015 Warren Avenue
Cheyenne, WY 82001
Telephone: 307.634.4444
Facsimile: 307.220.0280
diana@drhodeslaw.com
traci@drhodeslaw.com

Isobel Thomas
Jennifer Keel
Thomas, Keel & Laird, LLC
50 S Steele St #450
Denver, CO 80209
ithomas@thomaskeel.com
jkeel@thomaskeel.com

## UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF WYOMING

| | | |
|---|---|---|
| **KARLA RIDGEWAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Civil Doc. No.  18-CV-40-S** |
| | ) | |
| **MAHESH KARANDIKAR, M.D., and CASPER** | ) | |
| **MEDICAL CENTER, LLC, d/b/a/ MOUNTAIN** | ) | |
| **VIEW REGIONAL HOSPITAL AND CLINIC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S RESPONSE TO JOINT DEFENSE MOTION TO STRIKE EXPERT DESIGNATION

The Plaintiff, Karla Ridgeway ("Ms. Ridgeway"), by counsel, pursuant to U.S.D.C.L.R.

7.1 (B) submits the following Response to the Joint Defense Motion to Strike Expert Designation

(Doc. #53), and states as grounds:

## I.     THE JOINT DEFENSE MOTION TO STRIKE EXPERT DESIGNATION FAILS TO COMPLY WITH U.S.D.C.L.R. 7.1 IN SEVERAL RESPECTS AND SHOULD NOT BE CONSIDERED BY THE COURT

1.     The Joint Defense Motion to Strike Expert Designation (hereinafter Motion to Strike #2) requests relief under U.S.D.C.L.R. 26(e)(1), which states that "All expert designations shall be filed with the court."  As discussed further below, the local rule upon which the Defendants actually rely in support of Motion to Strike #2 is U.S.D.C.L.R. 26(e)(2).

2.     The Defendants request the Court to enter relief on the basis of the local rules concerning expert designations but fail themselves to observe the local rules regarding filing motions.  The first local rule the Defendants have not observed is U.S.D.C.L.R. 7.1(b)(1)(A) on conferral, which states:

(1) Non-Dispositive Motions

(A)     Duty to Confer.  Except as otherwise ordered, the Court will not entertain any non-dispositive motion unless counsel for the moving party **has conferred orally, either in person or by telephone,** and has made reasonable good faith efforts to resolve the dispute with, or obtain the consent of, opposing counsel prior to filing the motion.  **The moving party shall state in the motion the specific efforts to comply with this rule and the position of the opposing party. The Court will not consider the motion until this information is provided.**  This provision shall not apply to cases involving pro se parties.  (Emphasis added).

3.     The only discussion regarding any conferral in Motion to Strike #2 is in paragraph 3, which references written, not oral, efforts to confer regarding the Defendants' contention that Ms. Ridgeway has designated three experts in the field of neurosurgery.  Defendants did not confer orally with Ms. Ridgeway's counsel regarding Motion to Strike #2. Per U.S.D.C.L.R. 7.1(b)(1)(A), the Court should not consider Motion to Strike #2 for this reason.

4.     The Defendants' Motion to Strike #2 is also in violation of U.S.D.C.L.R. 7.1(b)(1)(C) which imposes a ten (10) page limit on all non-dispositive motions unless permission

is requested to file a brief exceeding that limit. Rather than asking permission to exceed the limit, the Defendants instead have filed what amounts to a single motion to strike in three separate parts (Documents 52, 53, and 54), requesting the Court to strike Ms. Ridgeway's expert witness designations based on a number of purported deficiencies. The Defendants are asking for the same relief under different arguments in what they characterize as three separate motions. In reality, this is a single motion filed in patent violation of U.S.D.C.L.R. 7.1(b)(1)(C), which should not be considered by the Court.

## II.    MS. RIDGEWAY'S EXPERT DESIGNATIONS DO NOT VIOLATE U.S.D.C.L.R. 26(e)(2) AND THE COURT SHOULD NOT STRIKE HER EXPERT DESIGNATIONS OF NEUROSURGEONS DR. POFFENBARGER, TAYLOR, AND ORMOND

5.    Ms. Ridgeway has asserted claims of negligence against Dr. Karandikar and Casper Medical Center d/b/a Mountain View Regional Hospital and Clinic (the "Hospital"). In a medical malpractice case, "[e]xpert testimony is ordinarily required to establish negligence or a lack of reasonable care on the part of the physician in his performance of surgical procedures and in the care and treatment of his patients." *Harris v. Grizzle,* 625 P.2d 747, 753 (Wyo. 1981)(citation omitted). The plaintiff is required to show that the physician owed a duty to the plaintiff; that the physician failed to perform the duty; and that the breach of duty proximately caused injury to the plaintiff. *Fielder v. Steger,* 713 P.2d 773, 775 (Wyo. 1986).

6.    The Federal Rules of Civil Procedure impose specific requirements on parties with respect to the disclosure of expert witnesses in F.R.C.P. 26(a)(2). If the expert is retained or specially employed to provide expert testimony for the case, the party endorsing the witness is required under F.R.C.P. 26(a)(2)(B) to provide a report that must contain:

> (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)  the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;

(iv)  The witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)   A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition; and

(vi)  a statement of the compensation to be paid for the study and testimony in the case.

7.      It is true that Ms. Ridgeway has designated two neurosurgeons as retained expert witnesses in her Expert Designations (Doc. #44), namely Dr. G. Jeffrey Poffenbarger and Dr. Chris Taylor.  Contrary to Defendants' assertions, however, these experts will not give cumulative or duplicative testimony at trial. Dr. Poffenbarger will testify as to the standard of care for neurosurgery in cases such as Ms. Ridgeway's, as well as the wilfull, wanton, and reckless nature of Defendants' conduct, as required for exemplary damages.  His testimony will include his opinion that neither Defendant satisfied the standard of care required in connection with Ms. Ridgeway's claim of lack of informed consent, among other issues as detailed in his disclosure. Dr. Poffenbarger will also testify about causation for Ms. Ridgeway's injuries.

8.      Dr. Taylor practices in an academic setting, where he teaches endoscopic colloid cyst removal in addition to clinically performing these procedures, and will testify about the standard of care, as well as causation.  His testimony regarding the causation of damages to Ms. Ridgeway would not have any foundation without reference to Dr. Karandikar's failure to meet the applicable standard of care.

9.      Dr. Ormond is one of Ms. Ridgeway's treating physicians and therefore a treating, or non-retained, expert witness.  Ms. Ridgeway was not required to provide an expert witness report from Dr. Ormond with her Expert Designations but she did.  He is not a "stealth" witness on the standard of care and has not been endorsed to provide that testimony.  Instead, he is a witness who may provide direct evidence of his own medical treatment of Ms. Ridgeway and his expert opinion of her present condition and possible future needs based on such treatment.

Importantly, however, Dr. Ormond is the neurosurgeon in the Rocky Mountain region who performs the most colloid cyst removals in the region. He brings that experience to this case, but it important to note that he is not discussing standard of care, nor does his report indicate that he is doing so.

10.     The Defendants contend that Ms. Ridgeway has violated U.S.D.C.L.R. 26(e)(1) because she has endorsed the three neurosurgeons, Dr. Poffenbarger, Dr. Taylor, and Dr. Ormond, as expert witnesses.  They argue that they have all been endorsed to provide the same testimony, but this is an oversimplification and misstatement.

11.     As noted above, the Defendants' Motion to Strike #2 is actually based on U.S.D.C.L.R. 26(e)(2) not 26(e)(1).  The former states as follows:

The parties are limited to the designation of one expert witness to testify for each particular area of expertise, absent a showing that complex issues necessitate expert witnesses with narrow, specialized areas of expertise within a larger general field.

12.     The Defendants contend that U.S.D.C.L.R. 26(e)(2) allows Ms. Ridgeway to only designate only one neurosurgeon, who apparently must testify that both Dr. Karandikar and the Hospital breached the standard of care required in the care and treatment of Ms. Ridgeway and that the breaches of the standard of care were the proximate cause of Ms. Ridgeway's injuries. Further, under Defendants' argument, the same single neurosurgeon must also testify to the extent of Ms. Ridgeway's injuries.  This is not a proper interpretation of U.S.D.C.L.R. 26(e)(2), an infringement on Ms. Ridgeway's ability to present her case, and in direct conflict with 10th Circuit authority.

13.     None of the authorities which Defendants present in their Motion to Strike #2 address this situation, where multiple experts in the same field are required to testify as to various

elements of the plaintiff's claims against different parties. The case of *Nalder v. West Park Hospital*, 254 F.3d 1168 (10th Cir. 1993) involved the review of the lower court's decision striking two of the plaintiff's expert witnesses. The plaintiff there had endorsed two pediatricians and two obstetricians as expert witnesses. While the 10th Circuit, in applying an abuse of discretion standard, found that the trial court had not acted arbitrarily or capriciously in excluding two of the plaintiff's expert witnesses, it noted several concerns including the fact that other than the overlapping qualifications of the experts, there was "little or no overlap of the experts' proffered testimony - and certainly not enough to support a blanket prohibition." *Id.* at 1174. The Court also noted that the defendants were not required to choose between their standard of care and causation experts, and were allowed to introduce expert testimony of the two defendant physicians regarding the standard of care and two retained experts regarding causation. *Id.* at 1175.

14.     As counsel for Ms. Ridgeway suggested in her letter to Defendants' counsel, it would be premature for the Court to enter a blanket prohibition against one or more of the designated neurosurgeons solely on the basis that they have overlapping qualifications, specifically the same specialties. Finally, Dr. Ormond may testify as to the extent of the damages Ms. Ridgeway has suffered and her treatment for her injuries as well as future care needs resulting from those injuries. Their testimony is not identical as the trial court in *Energy Drilling, LLC v. Pacific Energy & Mining Company, LLC,* 2016 U.S. Dist. Lexis 140968 (D.Wyo. April 1, 2016) determined was the case for plaintiff's three experts there.

15.     In this instance, the Order on Defendants' Motion to Quash Subpoenas; Plaintiff's Motion to Exclude Defendants' Causation Experts; and Plaintiff's Motion to Exclude Testimony of Russell Vinik, M.D. in the case of *Bindl v. Evanston Hospital Corp.,* 14-CV-0052-SWS, 2015

WL 13333574 (D. Wyo. Oct. 9, 2015), is instructive, contrary to the Defendants' arguments otherwise. A copy of that Order is attached as **Exhibit 1**.

16.    In that Order, the trial court denied the plaintiff's motion to exclude the testimony of the two defendants' separate causation experts on the grounds of the duplicative and cumulative nature of their expert testimony. The court noted that the local rule [now U.S.D.C.L.R. 26(e)(2)] does not directly address whether multiple parties are restricted from calling separate expert witnesses in the same field. However, while it appeared that the separate causation experts were providing duplicate testimony, the court found that it could not conclude that the experts did not have potentially relevant evidence that was not duplicative. The court decided it was more appropriate that a ruling on whether one or the other expert should be excluded be made based on the evidence as presented at trial. Exhibit 1 at p. 6.

17.    The Court here is also not in a position to issue a blanket prohibition on the testimony of Dr. Poffenbarger, Dr. Taylor, and/or Dr. Ormond solely based on the expert designation and should defer any decision until there is evidence at trial that can provide a basis for such decision.

18.    Courts may not exclude expert witnesses "arbitrarily, or on the basis of mere numbers." April 1, 2016 Order in *Energy Drilling, supra, citing Nalder, supra,* 254 F.3d at 1173, *quoting Green Constr. Co. v. Kansas Power & Light Co.,* 1 F.3d 1005, 1014 (10th Cir. 1993). If U.S.D.C.L.R. 26(e)(2) is intended to preclude "overlapping or duplicative testimony by experts," *Nalder,* 254 F.3d at 1174-75, the Court may accomplish this without a draconian exclusion of experts simply because they share the same specialty.

WHEREFORE, Ms. Ridgeway respectfully requests the Court to deny the Defendants' Motion to Strike #2 for the reasons set forth above.

Respectfully submitted this 19th day of June, 2019.


Karla Ridgeway


*/s/ Diana Rhodes*

_____
Diana Rhodes, Esq.  #5-2734
Rhodes Law Firm, LLC
2015 Warren Ave.
Cheyenne, WY  82001
(307) 634-4444
diana@drhodeslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of June, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Timothy M. Stubson
Amanda Hunkins Newton
Crowley Fleck PLLP
111 West 2nd St., Ste. 220
Casper, WY 82601
(307) 265-2279
tstubson@crowleyfleck.com
anewton@crowleyfleck.com

Corinne E. Rutledge
Erin A. Barkley
Lathrop & Rutledge, PC
1920 Thomes Ave., Ste. 500
Cheyenne, WY 82003
(307) 632-0554
crutledge@lr-law.org
ebarkley@lr-law.org