Diana Rhodes, WY #5-2734
Traci Rivinus, WY #6-3920
Rhodes Law Firm, LLC
2015 Warren Avenue
Cheyenne, WY 82001
Telephone: 307.634.4444
Facsimile: 307.220.0280
diana@drhodeslaw.com
traci@drhodeslaw.com

Isobel Thomas
Jennifer Keel
Thomas, Keel & Laird, LLC
50 S Steele St #450
Denver, CO 80209
ithomas@thomaskeel.com
jkeel@thomaskeel.com

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF WYOMING

| | |
|---|---|
| **KARLA RIDGEWAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Civil Doc. No. 18-CV-40-S |
| | ) |
| **MAHESH KARANDIKAR, M.D., and CASPER** | ) |
| **MEDICAL CENTER, LLC, d/b/a/ MOUNTAIN** | ) |
| **VIEW REGIONAL HOSPITAL AND CLINIC,** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S RESPONSE TO JOINT DEFENSE MOTION TO STRIKE PORTIONS OF PLAINTIFF'S EXPERT DESIGNATIONS RELATING TO CLAIMS NOT PROPERLY BEFORE THE COURT AND DUPLICATIVE EXPERT TESTIMONY AS TO NEGLIGENT CREDENTIALING AND OTHER CLAIMS OF DIRECT NEGLIGENCE AGAINST MVRH

The Plaintiff, Karla Ridgeway ("Ms. Ridgeway"), by counsel, pursuant to U.S.D.C.L.R. 7.1 (B), submits the following Response to Defendants Joint Motion to Strike Portions of Plaintiff's Expert Designations Relating to Claims Not Properly Before the Court and Duplicative

Expert Testimony as to Negligent Credentialing and Other Claims of Direct Negligence Against MVRH (Doc. #54), and states as grounds:

## I.   THE JOINT DEFENSE MOTION TO STRIKE EXPERT DESIGNATION FAILS TO COMPLY WITH U.S.D.C.L.R. 7.1 AND SHOULD NOT BE CONSIDERED BY THE COURT

1.   The Defendants' Joint Motion to Strike Portions of Plaintiff's Expert Designations Relating to Claims Not Properly Before the Court and Duplicative Expert Testimony as to Negligent Credentialing and Other Claims of Direct Negligence Against MVRH Joint Defense Motion to Strike Expert Designation (hereinafter Motion to Strike #3) requests, in part, relief under U.S.D.C.L.R. 26(e)(1), which states that "All expert designations shall be filed with the court." As discussed further below, the local rule upon which the Defendants actually rely in support of Motion to Strike #2 is U.S.D.C.L.R. 26(e)(2).

2.   The Defendants request the Court to enter relief, in part, on the basis of the local rules concerning expert designations but fail themselves to observe the local rules regarding filing motions. The first local rule the Defendants have not observed is U.S.D.C.L.R. 7.1(b)(1)(A) on conferral, which states:

(1) Non-Dispositive Motions

(A)   Duty to Confer. Except as otherwise ordered, the Court will not entertain any non-dispositive motion unless counsel for the moving party **has conferred orally, either in person or by telephone,** and has made reasonable good faith efforts to resolve the dispute with, or obtain the consent of, opposing counsel prior to filing the motion. **The moving party shall state in the motion the specific efforts to comply with this rule and the position of the opposing party. The Court will not consider the motion until this information is provided.** This provision shall not apply to cases involving pro se parties. (Emphasis added).

3. The only discussion regarding any conferral is at pages 9-10 of the Motion to Strike #3, but this conferral was not done orally and was in connection with the subject matter of Motion to Strike #2 not the present Motion. Counsel for the Defendants did not confer orally with Ms. Ridgeway's counsel regarding Motion to Strike #3, and they cannot provide any information that they have done so. Per U.S.D.C.L.R. 7.1(b)(1)(A), the Court should not consider Motion to Strike #3.

4. The Defendants' Motion to Strike #3 is also in violation of U.S.D.C.L.R. 7.1(b)(1)(C) which imposes a ten (10) page limit on all non-dispositive motions unless permission is requested to file a brief exceeding that limit. Rather than asking permission to exceed the limit, the Defendants instead have filed what amounts to a single motion to strike in three separate parts (Documents 52, 53, and 54), requesting the Court to strike Ms. Ridgeway's expert witness designations based on a number of purported deficiencies. The Defendants are asking for the same relief under different arguments in what they characterize as three separate motions. In reality, this is a single motion filed patent violation of U.S.D.C.L.R. 7.1(b)(1)(C), which should not be considered by the Court.

## II. MS. RIDGEWAY'S EXPERT DESIGNATIONS DO NOT RAISE ANY "CLAIMS" AGAINST THE HOSPITAL FOR THE COURT TO STRIKE

5. The Defendants contend that Ms. Ridgeway's Expert Designations Under F.R.C.P. 26(a)(2)(B) somehow raise new claims for relief. Motion to Strike #3 at pp. 2-6. Claims for relief are set forth in a pleading, F.R.C.P. 8(a), and the forms of pleading are set forth in F.R.C.P. 7(a). Expert designations under F.R.C.P. 26(a)(2)(B) are not pleadings and do not set forth claims for relief.

6. Defendants mistakenly argue at page 6 of the Motion to Strike #3 that F.R.C.P. 15(f) is authority for the Court to strike portions of Ms. Ridgeway's Expert Designations which

are "redundant, immaterial, impertinent, or scandalous." There is no F.R.C.P. 15(f). The portion of the provision cited is actually F.R.C.P. 12(f), which is directed to **pleadings.** As discussed in the previous paragraph, Ms. Ridgeway's Expert Designations do not constitute a pleading under the Federal Rules of Civil Procedure, so F.R.C.P. 12(f) does not provide any authority for the relief Defendants request.

7. The argument that Defendants are really making is not that Ms. Ridgeway is adding new claims against the Hospital but rather that her disclosures included facts not already contained in either the Amended Complaint or the original Complaint which are embarrassing for the Hospital because they tend to show the Hospital was negligent. The Defendants interpret the U.S. Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) as requiring that *every* fact upon which Ms. Ridgeway's claim of negligence is based be set forth in the pleadings. That is not what the case requires.

8. Instead, as Defendants note in the excerpt cited on page 4 of the Motion to Strike #3, F.R.C.P. 8(a) requires more than just a bare assertion of relief and entitlement thereto, but the grounds on which the claim rests. If Defendants believe there are not adequate grounds on which Ms. Ridgeway's claim of negligence against the Hospital is based, they should file a Motion to Dismiss under F.R.C.P. 12(b), not a Motion to Strike portions of Expert Designations under F.R.C.P. 12(f), which rule does not address or provide the relief Defendants request.

9. If Defendants claim that this is a motion to strike irrelevant evidence under C.R.E. 402, then they should file a proper motion *in limine* to that effect at the appropriate time, before trial. However, they should first follow the requirements of U.S.D.C.L.R. 7.1 and cite appropriate authorities in support of their request.

10. Ms. Ridgeway already has a claim of negligence against the Hospital. The potential expert testimony which Defendants detail on page 3 of the Motion to Strike #3 is relevant evidence under F.R.E. 401 of the Hospital's negligence which should be admissible at trial.

11. Fact discovery is ongoing. Should Ms. Ridgeway determine to file additional claims against the Hospital or any other Defendant, she should be allowed to proceed under F.R.C.P. 15 to do so, especially in light of the recent continuance of the trial date.

### III.   THE COURT SHOULD NOT PRECLUDE RELEVANT EVIDENCE UNDER F.R.E. 403

12. As noted above, Defendants' Motion to Strike #3 mistakenly cites U.S.D.C.L.R. 26(e)(1) as the basis to strike multiple designation of experts in the same field when the actual rule on which they rely is U.S.D.C.L.R. 26(e)(2) which states:

The parties are limited to the designation of one expert witness to testify for each particular area of expertise, absent a showing that complex issues necessitate expert witnesses with narrow, specialized areas of expertise within a larger general field.

13. Defendants reliance on U.S.D.C.L.R. 26(e)(2) is misplaced since they admit that Ms. Ridgeway's experts who intend to testify on the subjects of the Hospital's negligent credentialing, negligent privileging, and other claims of negligence against the Hospital have different fields of expertise. *See* Motion to Strike #3 at p. 6. The Defendants must rely instead on C.R.E. 403 which allows the exclusion of relevant information to prevent, *inter alia*, the needless presentation of cumulative evidence.

14. "The exclusion of relevant evidence under Rule 403 is 'an extraordinary remedy to be used sparingly.'" *K-B Trucking Co. v. Riss Intern/ Corp.*, 763 F.2d 1148, 1155 (10th Cir. 1985)(citations omitted). It would be premature here to exclude expert testimony on unspecified

"themes and unpled claims" which Defendants do not clearly identify, and which may be relevant to Ms. Ridgeway's actual claims.

15. The Defendants argue that allowing multiple experts from different fields to testify as to the same evidence establishing the Hospital's negligence will "contribute to extensive *Daubert* briefing." Motion to Strike #3 at p. 9. They imply that if the Court grants this Motion, the Defendants will not have to file various *Daubert* motions, including one against Dr. Poffenbarger on his qualifications to testify regarding negligent credentialing. **Yet the Defendants have already filed a *Daubert* motion against Dr. Poffenbarger on that basis!** *See* Doc. #52.

16. The Defendants provide no direction to the Court regarding the exact relief they request other than striking "the excessive and duplicative testimony [not specifically identified from unidentified expert witnesses] on themes and claims [not specifically identified] not properly before the Court." Motion to Strike #3 at p. 10. Ms. Ridgeway cannot effectively respond to this nebulous request for relief nor can the Court fashion an appropriate Order.

WHEREFORE, Ms. Ridgeway respectfully requests the Court to deny the Defendants' Motion to Strike #3 for the reasons set forth above.

Respectfully submitted this 19th day of June, 2019.

Karla Ridgeway

*/s/ Diana Rhodes*

Diana Rhodes, Esq.  #5-2734
Rhodes Law Firm, LLC
2015 Warren Ave.
Cheyenne, WY  82001
(307) 634-4444
diana@drhodeslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of June, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Timothy M. Stubson
Amanda Hunkins Newton
Crowley Fleck PLLP
111 West 2nd St., Ste. 220
Casper, WY 82601
(307) 265-2279
tstubson@crowleyfleck.com
anewton@crowleyfleck.com

Corinne E. Rutledge
Erin A. Barkley
Lathrop & Rutledge, PC
1920 Thomes Ave., Ste. 500
Cheyenne, WY 82003
(307) 632-0554
crutledge@lr-law.org
ebarkley@lr-law.org